ROBERT N. PARKER, plaintiff in error, *vs.* THE MAYOR AND COUNCIL OF MACON, defendant in error.

| 39 | 725 |
| 93 | 675 |
| 39 | 725 |
| 118 | 103 |
| 39 | 725 |
| 125 | 61 |

1. The Mayor and Council of the City of Macon, have full power and authority, given them by charter, to remove, or cause to be removed, any buildings, posts, steps, fences, or other obstructions, or *nuisance*, in the public streets, lanes, alleys, sidewalks or public squares of the city. Under this power, conferred for the public good, they are bound to keep the streets, lanes, alleys and sidewalks in such condition that it is safe and convenient to pass them, and in case of failure they are liable to any person injured by their neglect.

2. A two story brick wall of a house that had been burnt down some months previous, standing at the edge of the sidewalk, though private property, if it be so much dilapidated, or decayed, as to endanger the lives of persons passing the streets, is a nuisance, which the Mayor and Council are bound to have removed, and if they fail, and danger results to any person by reason of such neglect, the city is liable for the damages sustained.  If the wall were sound and steady and did not, under any ordinary circumstances, endanger any one passing the streets, and it should be thrown down by tempest or other act of God, a person injured by the fall would have no right to recover damages for such injuries, from the city.

Case against corporation for nuisance.   Before Judge COLE. Bibb Superior Court.   May Term, 1869.

Parker's action on the case against the Mayor and Council of Macon contained the following averments:  In 1865, a

Parker *vs.* The Mayor and Council of Macon.

brick wall, which stood on a specified street of Macon, fell upon him while he was upon said street engaged in his business, and severely injured him, causing an outlay of money, loss of time, etc., to his damage $10,000 00; said wall was, as the event proved, from its character and position, dangerous to passengers upon said street; it was defendant's duty to have removed it or otherwise secured passengers from danger from its falling; Parker, when he was so injured was relying upon the belief that they had performed this duty, but they had not and therefore were liable to pay him damages. The defendant demurred. Upon the argument it was admitted on both sides, that the wall was private property, on the line of said street but not in the street, that the buildings, of which it was a part, were burned in April, 1865, leaving some of the front wall on said street standing, and that after plaintiff's injury, upon complaint of various citizens, the defendant removed the remnant of the wall, and the demurrer was based upon these and the facts averred in the petition. The demurrer was sustained, and that is assigned as error.

A. O. BACON, for plaintiff in error, made the following points:

1. The City of Macon, a corporation aggregate, is liable in an action of *tort.* The contrary doctrine has been exploded, and the proposition as announced is recognized as law by all the Courts of this country, including the Supreme Courts of Georgia and the United States.

2. The duty rests upon the city to keep its streets and sidewalks in a condition of repair which will render them safe and *convenient* for passengers, and the city is liable for injuries received by persons through neglect of this duty.

(*a.*) The charter of the city, section 14, page 9, confers full power and authority on the Mayor and Council to regulate the streets and sidewalks of the city, and to remove and abate all obstructions and nuisances affecting the safety and convenience of the same.

(*b.*) MAY, or any equivalent term, is tantamount to SHALL, when used in conferring power on a public officer for the

public good.  Skinner Eng. K. B., 370; 2 Salkeld, 609; Vason vs. The City of Augusta, 38 Ga., 542.

(c). The neglect of the duty imposed makes the city liable for damages accruing.  Code, sec. 2902; The People vs. The Corporation of Albany, 11 Wendell, 542; The City of New York vs. Furze, 3 Hill, 614.

3. Was the injury received by plaintiff caused by such non-repair or neglect to provide for the security of the sidewalk, as would make the city liable for the damages?  We say it was, because—

(a.) The duty of repairing the streets and sidewalks and keeping them *safe* and *convenient,* is a general duty, to do everything necessary (within legal authority) for the *safety* and *security* of persons using the streets, and is not a mere technical duty for the regulation of the paving stones and the removal of material obstructions actually upon the sidewalks.  A failure or neglect to remove or correct any thing which endangers the security and life of a passenger on the street, is such a non-repair or neglect of duty concerning the street as will make the city liable for the damages which ensues.  Kelsey vs. Glover, 15 Vermont, 715; Palmer vs. Andover, 2 Cush., 607; Bacon vs. The City of Boston, 3 Cush., 179; Collins vs. Dorchester, 6 Cush., 396; Raymond vs. Lowell, 6 Cush., 529; Chicago vs. Robbins, 2 Black, 422; Nebraska City vs. Campbell, 2 Black, 592; Drake vs. The City of Lowell, 13 Metcalf, 292; Fitz vs. Boston, 4 Cush., 365; Snow vs. Inhabitants of Adams, 1 Cush., 443; Cogswell vs. Lexington, 4 Cush., 307; Chamberlain vs. Enfield, 43 New Hampshire, 356; Regina vs. Watts, 6 Salkeld, 357; Hull vs. Richmond, 2 Wood and Win, 337; Willard vs. Newbury, 22 Vermont, ......; 2 Smith, 158, 161.

(b.) The ruined wall had stood six months and its condition was so notorious that notice to the city is presumed. Reed vs. Northfield, 13 Pickering, 94.

4. If these positions are correct the city is liable for the damages if it was in the power of the authorities to have prevented it.

It was in their power to have protected passengers upon this street from the danger, because—

(*a.*) This ruined wall overhanging and threatening to fall upon the street was a most patent, unmistakable, decided nuisance, which it was the duty of the city to abate, and which it had the authority to abate summarily. Code, section 4024, gives the city authorities power to abate the nuisance summarily. The City Charter, section 38, page 28, gives the full power to do so. In many of the city ordinances this power is fully recognized and exercised. See among others 77, 85 and 86, page 56. The city exercised the power in this identical case and pulleddown the remaining portion of this wall after the plaintiff's injury.

(*b.*) If it is decided that the city had not the power to abate, summarily, this nuisance, the city did have the power to protect passengers from the danger of the wall, by a railing or a notice of the danger, and failing so to do, are liable for the damage. Palmer vs. Andover, 2 Cush., 600; Collins vs. Dorchester, 6 Cush., 396; Norris vs. Litchfield, 35, N. Hampshire, 271.

5. The question is not affected by the fact that the wall was private property, and *not actually in the street*, because—

(*a.*) Although so situated, as before shown, it was in the power of the city to have removed the wall, or otherwise have protected the passenger from the danger of it.

(*b.*) When the injury is the result of a defect or nuisance in the highway, caused by a third person, there is a concurrent remedy against the town and the individual. The higher remedy is against the town, because there is greater privity between the passenger and the town than between him and the individual. The individual is liable over to the town for the amount of damages recovered by the passenger. Chicago vs. Robbins, 2 Black, 422; Durant vs. Palmer, 5 Dutcher, 544; Littleton vs. Richardson, 34 New Hamp., 179.

6. But if these positions are incorrect or doubtful, the decisions are uniform that the question of non-repair, etc., is one of mixed law and fact which the Court should leave to the jury to decide. Kelsey vs. Glover, 15 Vermont, 714; Cham-

berlain vs. Enfield, 43 New Hamp. 356; Willard vs. New-
bury, 22 Vermont, 465; Merrell vs. Hampden, 26 Maine,
234.

I. L. HARRIS, S. HUNTER, for defendant.

BROWN, C. J.

As the charter of the City of Macon confers upon the Mayor
and Council full power and authority to keep the streets,
lanes, alleys, side-walks and public squares, of the city in
good order, and to remove any buildings, posts, steps, fences,
or other obstructions or nuisance, which is a power conferred
upon public officers for the public good, it is their duty to
exercise it, and to keep the streets, lanes, alleys and side-
walks in such condition that persons passing over or along
them may do so with safety and convenience.   To this end
it is the duty of the city authorities to remove any nuisance
from the streets or side-walks; and anything that endangers
the life of a person passing along the side-walk is a nuisance
which they are bound to abate.   As, for instance, a deep pit
dug by the side-walk, so near it that a person passing along
the street at night is in danger, by a misstep, of falling into it,
anything hanging over the street in such manner that it may
fall upon a person passing and do him a serious injury.

2.  But it is insisted, in this case, that the wall being pri-
vate property, at the edge of the side-walk, was not embraced
within the objects which the charter gives the city authorities
power to remove, as it was not *in* the street or side-walk.
We think this too narrow a view of the subject.   If the city
is bound to fill up a pit dug by the edge of the side-walk, or
to fence it off, so that no one may be injured by it, or to re-
move anything hanging over the side-walk, which may work
injury to those passing by, why is it not bound to remove a
crumbling wall standing so near the side-walk as to fall
upon it?

In this case the wall was too stories high, and had stood
exposed to the weather for several months after the house was
burnt.   It was immediately upon the edge of the side-walk,

Parker *vs.* The Mayor and Council of Macon.

and could not fall in that direction without falling upon it. And the declaration alleges that it was from its character and position insecure, and endangered the lives of passengers upon the street. If so, it was a nuisance, which it was the duty of the Mayor and Council to take the necessary steps to abate, and having failed to do so, they are liable for the damages. Whether the proof upon the trial may sustain the declaration in this particular we know not, but the demurrer admits, for the purposes of this investigation, that this allegation is true.

It was suggested by counsel for the defendant in error that the wall was not in fact insecure or in a crumbling or dilapidated condition, but was blown down by a tempest, which caused the injury to the plaintiff of which he complains. This fact, if true, does not appear from the pleadings in the case as it is now before us. If the wall was firm and solid, and did not, under any ordinary circumstances, endanger any person passing by, and it was thrown down by tempest, or other act of God, and the plaintiff was injured by the fall, the city is not liable. The Court and jury will judge of the character of the wall by the evidence on the trial. We think the rule above laid down fully sustained by the authorities cited in the well prepared brief of Mr. Bacon, who argued this case for the plaintiff in error.

Let the judgment of the Court below be reversed.