THE MAYOR, ETC. OF MONTEZUMA *vs.* WILSON.

1. Where the plaintiff alleged that when crossing, at night, a little bridge or crossway over the sidewalk covering a ditch two feet deep, he stepped in a hole between the outer planks of the crossing and the earth, fell into the ditch, and was injured ; and the only act alleged tending to charge negligence against the municipality was, that the bridge was badly constructed ; and the evidence showed that the place where he was injured was not a bridge but a sewer a foot and a half under the ground, and that he was injured by stepping into a hole made by a recent rain on the side of the

sewer, and not by falling through the bridge, nor on account of its being badly constructed; a verdict in his favor was contrary to law, the state of facts on which he recovered being different from that alleged in the declaration.

2. A municipal corporation cannot be held liable for damages occurring by reason of a defect in its streets, sidewalks, sewers or bridges, when it has no notice thereof, or when such defect has not existed for sufficient length of time from which notice can be inferred, provided the corporation has been guilty of no negligence in constructing or -repairing the same.

(a) The verdict was contrary to the evidence.

February 20, 1889.

Municipal corporations. *Allegata* and *probata*. Negligence. Notice. Evidence. Verdict. New trial. Before Judge FORT. Macon superior court. November term, 1887.

Reported in the decision.

E. G. SIMMONS, for plaintiff in error.

J. M. DUPREE and E. A. HAWKINS, *contra*.

SIMMONS, Justice.

Wilson sued the mayor and aldermen of Montezuma for damages. In his declaration he alleged that, on the thirteenth of August, 1885, he was walking on the sidewalk of a street in that town at night, and when crossing a little bridge or crossway across said sidewalk, covering a ditch two feet deep, he stepped into a hole in the sidewalk and near said crossing, and fell into the ditch; whereby he was injured. He alleged that this crossing was badly constructed, and that between the outer planks and the earth was a hole about six inches by twelve through which the petitioner fell. On the trial of the case, the jury found a verdict for the plaintiff, and the defendants made a motion for a new trial, which was overruled by the court, and they excepted.

1. The grounds urged before us in the argument for a reversal of the judgment in this case were, that the verdict was contrary to evidence and to law. We think that the court below should have granted a new trial on both of these grounds. The plaintiff made an entirely different case by his evidence from what he alleged in the declaration. In that declaration he alleged that he fell through a bridge across the sidewalk. No act of negligence on the part of the defendants was alleged by him in his declaration. The only act which he alleges in any way tending to charge negligence against the defendants was, that the bridge was badly constructed. The evidence in the case shows that the place where the plaintiff was injured was not a bridge, but a sewer a foot and a half under the ground, and that the plaintiff was injured, not by falling through the bridge nor on account of the bridge being badly constructed, but by stepping into a hole which had been made by a recent rain on the side of the sewer. The plaintiff, therefore, recovered on a different cause of action from that set out in his declaration. When a plaintiff brings a case into court and makes certain allegations on which he seeks to recover against the defendant, he must abide by those allegations. He cannot set up one state of facts in his declaration and recover upon an entirely different state of facts in the evidence. If he cannot prove the allegations made in the declaration, then he must amend it so as to meet his proof, provided he does not set up a new cause of action. In this case, no amendment was offered or made, and as said before, he recovered on a different state of facts from that alleged in his declaration; and this was contrary to law.

2. We also think that the verdict was contrary to the evidence. The overwhelming weight of the evidence

was, that it had been raining in that vicinity for about three weeks, and that on the afternoon before this plaintiff was injured, the hardest rain of the season had fallen. Before this rain and afterwards, the marshal of the town, whose duty it was to look after the streets and sidewalks, went to this place and examined it carefully, and he could not detect any defect in the sidewalk or the sewer. He had been instructed by one of the street committee to look closely after the streets and sewers, particularly in that part of the town, on account of a "protracted meeting" in progress in that part of the town. If this witness and others are to be believed, there was no defect in this sewer on the afternoon of the day in which the plaintiff was injured. The injury was caused on account of the dirt and sand becoming very wet from hard rains and caving in on the side of the sewer. If any acts of negligence had been alleged against the defendants in the declaration, we think that the evidence would have fully disproved them. According to the evidence in this record, the officers and servants of this municipal corporation exercised all the care and diligence that was possible under the circumstances. They examined this sewer twice in one day. It had been there for years, and nothing had ever occurred to put them on notice that there was any defect in the sewer or that it was dangerous or likely to become so. A municipal corporation cannot be held liable for damages occurring by reason of a defect in its streets, sidewalks, sewers or bridges, when it had no notice thereof, or when such defect has not existed for a sufficient length of time from which notice can be inferred, provided the corporation has been guilty of no negligence in constructing or repairing the same. According to the testimony in this case, this defect was of such a recent origin that the officers of the town government could

v 82-14

not possibly have had notice of it; and we think there-fore that the jury found contrary to the evidence.

Judgment reversed.