8401.   BROWN· *v.* MAYOR AND ALDERMEN OF MILLEDGEVILLE.

GEORGE, J.   1.   The general rule of law is that a municipal corporation is
bound to keep its streets and sidewalks in a reasonably safe condition
for travel in the ordinary modes, by night as well as by day; and if
it fail to do so, it is liable for damages for injuries sustained in conse-
quence of such failure.  *Mayor etc. of Atlanta* v. *Perdue,* 53 *Ga.* 607,
608; *Parker* v. *Macon,* 39 *Ga.* 725 (99 Am. D. 486); *Chapman* v. *Ma-
con,* 55 *Ga.* 566, 568.

2. A municipal corporation is liable for injuries caused by its neglect or
omission to keep its streets and sidewalks in a reasonably safe condi-
tion for travel in the ordinary modes; and. it is also liable for such in-
juries caused by its neglect or omission to remedy defects in its public
streets or sidewalks, occasioned by the wrongful acts of others.  In the ·
latter class of cases the foundation of the action is negligence in' fail-
ing to remedy the defect, and in the absence of actual knowledge the
municipality is not liable unless the defect occasioned by the wrongful '
act of another has existed for such a length of time as to charge the
municipality with notice of its existence.  See *Mayor etc. of Atlanta* v.
*Perdue,* supra.

3. If the municipality, in the exercise of reasonable diligence in the per-
formance of its duties, has the means of knowledge of defects in its
sidewalk, occasioned by others, and negligently remains ignorant there-
of, the municipality is constructively charged with knowledge thereof,
and can not escape liability upon the ground that it did not have
actual notice of such defect.  *Idlett* v. *Atlanta,* 123 *Ga.* 821 (51 S. E.
709)'.

4. The petition in the instant case did not allege the particular length of
time the open cellar in the city sidewalk had existed, but did aver that
the grating or door to the cellar had been removed for a long period
of time, and that the city, in the exercise of ordinary diligence, was con-
structively charged with notice of the open cellar in its sidewalk.  The
petition as amended set forth a cause of action against the defendant;
and the judgment sustaining both general and special demurrers to the
petition will be reversed, leaving the matters in respect to the special

demurrers open for further action in the trial court. *Chapman* v.
*W. & A. R. Co.*, 8 *Ga. App.* 787, 789 (70 S. E. 208); *Norwich Union
Fire Ins. Soc.* v. *Bainbridge Grocery Co.*, 16 *Ga. App.* 432, 436 (85
S. E. 622).

*Judgment reversed.* *Wade, C. J., and Luke, J., concur.*
DECIDED JUNE 27, 1917.

Action for damages; from Baldwin superior court—Judge
Henry C. Hammond presiding. January 10, 1917.

*Sibley & Sibley*, for plaintiff.

*Livingston Kenan*, for defendant.