*Leon Hood,. H. C. Strickland,* for defendant.

---

10314.   HIGGINBOTHAM *v.* CITY OF ROME.

STEPHENS, J.  The petition in this case (a suit for damages for the negligent homicide of the plaintiff's husband) sufficiently set forth a cause of action against the City of Rome.  The court erred in sustaining the demurrer and in dismissing the suit.  The case of *Zettler* v. *City of Atlanta,* 66 *Ga.* 195, relied on by counsel for the city, is clearly distinguishable from this case.

*Judgment reversed.  Jenkins, P. J., and Smith, J., concur.*

DECIDED OCTOBER 20, 1919.

Action for damages; from Floyd superior court—Judge Wright. January 9, 1919.

The City of Rome was sued for damages on account of the death of the plaintiff's husband, alleged to have been caused by electricity when he came in contact with an uninsulated wire sagging over a pathway in the city.  The plaintiff's petition was dismissed on general demurrer.  The petition alleges that this wire was a part of the line of the Rome Railway & Light Company, and had been strung on a glass knob attached to the cross-arm of a pole "erected on the west side of the Summerville road, about 30 or 40 feet on the south side of the Rome and Decatur Railroad trestle."  Immediately beneath the wire and about half way between the pole and the trestle was the pathway mentioned above.  The pathway had been used by the public for a great number of years, and showed signs of considerable use, "all of which was known to the City of Rome, or by the exercise of ordinary [care] could have been ascertained, for the usage of said pathway was open, notorious, peaceable, and without restriction, and one Poole, who was then in the employment of the City of Rome, guarding its convicts, knew of the existence and usage of said pathway."  The insulation of the wire had worn off, and its unprotected condition had existed for several years.  On September 2, 1916, the glass knob to which

the wire was attached was struck and broken by a rock hurled against it by blasting conducted by the city, and this caused the wire to sag to within four or five feet of the ground just over the pathway mentioned. The breaking of the knob and the sagging of the wire and its uninsulated condition were at once brought to the attention of Poole, the city's guard or agent in charge of the blasting, and he requested a person not in the employment of the city to notify the Rome Railway & Light Company of the condition of the wire and to repair it. It remained in this condition until the plaintiff's husband was killed; and the defendant knew that it was in this condition. The plaintiff's husband started to his home some time after eleven o'clock at night on the same date from a store situated about a hundred yards from where he was killed, and, as had been his custom for years, "he started to go along the pathway aforesaid, and came in contact with said heavily charged non-insulated wire and was instantly killed." It is alleged that the City of Rome was in charge, possession, and control of the tract of land where he was killed. "The defendant was engaged in widening and straightening the street, which was a public street of said city, at the place contiguous to where said Higginbotham was killed, and in order to widen said street it was necessary to remove the rock at the place where said Higginbotham was killed. When said Higginbotham was killed he was only a few feet from the public street as then in use. The defendant, in doing this work, was carrying out its avowed project of straightening said street."

The petition contains specific allegations of negligence of the city in allowing the wire to hang as close to the pathway as it did, and in the condition in which it was, and in not placing a guard at that point to prevent injury after having discovered that the breaking of the knob had caused the wire to sag. There are also allegations as to the age and earning capacity of the plaintiff's husband, and as to notice of the claim, etc.

In the brief of counsel for the defendant it was contended that the city was under no duty as to the condition of the place at which the plaintiff's husband was killed, and that he was at fault in leaving the public street and going at night on a path on

*Harris & Harris,* for plaintiff. *Max Meyerhardt,* for defendant.

private property which proved to be dangerous.