15025.  MAYOR AND ALDERMEN OF MILLEDGEVILLE *v.* HOLLOWAY.

STEPHENS, J. 1. The duty of a municipality to keep its streets in a reasonably safe condition for travel is ministerial, and it is liable in damages to a person sustaining injuries proximately caused by its failure to discharge this duty. *Mayor &c. of Savannah* v. *Jones,* 149 *Ga.* 139 (4) (99 S. E. 294); *Brown* v. *Mayor &c. of Milledgeville,* 20 *Ga. App.* 392 (93 S. E. 25).

2. Where, at the intersection of two narrow streets in a city, both of which are flanked by ditches on either side, the roadways are muddy and slick and likely to cause automobiles traveling thereon, when turning from one street into the other, to skid and fall into one of the ditches, and where such a turn by a traveler upon one of the streets is made imperative by the existence of an impassable obstruction, maintained in the street by the city, immediately beyond the intersection, which obstruction cannot, by reason of its occultation by a hill in the street, be seen by the traveler until he has come within about 210 feet of the intersecting street, and where the automobile of the traveler, in turning into the intersecting street, skids into an adjacent ditch four feet in depth, which is not protected by a guard-rail or other protection, the inference is authorized that the city, in maintaining the streets under such conditions, was negligent, and that such negligence was the proximate cause of any injury sustained by the traveler as a result of his automobile falling into the ditch. *City of Atlanta* v. *Wilson,* 59 *Ga.* 544 (27 Am. R. 396); *Barrett* v. *Mayor &c. of Savannah,* 13 *Ga. App.* 86 (78 S. E. 827); *City of Greensboro* v. *Robinson,* 19 *Ga. App.* 199 (91 S. E. 244).

3. A lawful act may be considered along with other acts as constituting negligence. *Williams* v. *Mayor &c. of Washington*, 142 *Ga.* 281 (82 S. E. 656, L. R. A. 1915A, 325, Ann. Cas. 1915B, 196) ; *City of Greensboro* v. *Robinson*, supra. The act of the city in maintaining the obstruction in the driveway along which the plaintiff was traveling, which was a fence lawfully placed there by the city for the purpose of obstructing travel while performing its duty in repairing the street, although a lawful act, may nevertheless be considered along with other acts alleged in the petition as tending to establish negligence on the part of the city.

4. Under the foregoing rulings the petition in a suit by the traveler against the city, to recover for an injury thus sustained, set out a cause of action, and the court did not err in overruling the general and special demurrers interposed thereto.

        *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

            DECIDED OCTOBER 2, 1924.

Action for damages; from Baldwin superior court—Judge Park. September 1, 1923.

*D. S. Sanford, Henry C. Hammond,* for plaintiff in error.
*Allen & Pottle,* contra.