19742.    CITY OF ATLANTA *v.* GUICE.

DECIDED FEBRUARY 15, 1930.

148

*J. L. Mayson, C. S. Winn, J. C. Savage,* for plaintiff in error. *Walter A. Sims,* contra.

BELL, J. (After stating the foregoing facts.) Reluctant as we are to disagree with the learned judge of the trial bench, we are constrained to the view that the petition failed to set forth a cause of action. Assuming that the condition of the embankment as described in the petition was such as to imply negligence on the part of the city with respect to the safety of the sidewalk as a place of travel, our opinion is that under the allegations made, the act of one of the children in going upon the embankment and causing stones to cave off and strike the plaintiff's son should be accounted as the proximate cause of the latter's death. The city's negligence· was passive or inert, and was only put into operation by an intervening agency, which, so far as appears, the city could not reasonably have anticipated or foreseen. *Andrews* v. *Kinsel,* 114 *Ga.* 390 (2·), 392 (40 S. E. 300, 88 Am. St. R. 25); *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109); *Gillespie* v. *Andrews,* 27 *Ga. App.* 509 (108 S. E. 906); *Kleinberg* v. *Lyons,* 39 *Ga. App.* 774 (4) (148 S. E. 535). If the petition had contained averments to show that the city had notice of the fact that the children used the embankment as a playground, in the manner alleged, and thereafter failed to remedy the defect existing in the embankment,

a very different question would have been presented. The petition alleges "that the defendant corporation well knew of the dangerous condition of said embankment by the overhanging of said heavy ledged [ledges?] of stone, as aforesaid, as the same had been maintained in said dangerous condition for a period of several months;" but there is nothing to show that the city had any notice whatever that children played thereon, as averred in the petition. *Central of Georgia Ry. Co.* v. *Tapley,* 145 *Ga.* 792 (3) (89 S. E. 841).

We think the court erred in not sustaining the general demurrer and dismissing the petition. See, in this connection, *Parker* v. *Mayor &c. of Macon,* 39 *Ga.* 725 (2) (99 Am. D. 486); *Mayor &c. of Atlanta* v. *Perdue,* 53 *Ga.* 607; *Chapman* v. *Mayor &c. of Macon,* 55 *Ga.* 566 (2), 570; *City of Augusta* v. *Hafers,* 61 *Ga.* 481 (34 Am. R. 95); *Idlett* v. *City of Atlanta,* 123 *Ga.* 821 (2) (51 S. E. 709); *Brown* v. *Mayor &c. of Milledgeville,* 20 *Ga. App.* 392 (93 S. E. 25); *Higginbotham* v. *Rome Ry. & Light Co.,* 23 *Ga. App.* 753 (99 S. E. 638); *Higginbotham* v. *City of Rome,* 24 *Ga. App.* 286 (100 S. E. 720); Civil Code (1910), § 898.

*Judgment reversed. Jenkins, P. J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. The petition alleges that the embankment abutting the sidewalk was "of soft rock or rocks being separated by seams," and that, as a result of another child's presence upon the embankment, pieces of stone "caved from said embankment" and struck petitioner's son, who was injured as "the result of negligence and carelessness on the part of the defendant corporation, in that it failed to maintain said street and sidewalk at said place in a reasonably safe condition for travel." The act of the child which caused the embankment to cave is not such an intervening cause as would, as a matter of law, constitute the proximate cause of the injury. *Southern Railway Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109). The petition set out a cause of action against the city. *Parker* v. *Mayor &c. of Macon,* 39 *Ga.* 725 (2) (99 Am. D. 486).