## 20651. CITY OF MACON *v.* STEVENS.

STEPHENS, J. 1. Where, in a city park, at a location immediately abutting a public sidewalk of the city, there was placed by the city a cannon, the barrel of which was left projecting a distance of about eight feet over the sidewalk and at a height of about five feet above the sidewalk, and which constituted an obstruction dangerous to pedestrians using the sidewalk, and a woman, when walking along the sidewalk, received an injury to her head as a result of her colliding with the projecting barrel of the cannon, the city was liable for the injuries thus sustained if proximately caused by negligence of the city in permitting the barrel of the cannon to project over the sidewalk, and not by negligence of the person injured.

2. The fact that the person injured knew of the presence of the cannon in the park, but on the occasion of the injury failed to notice it when approaching it, and did not see it because she was walking with her head lowered in order to protect her face and neck from the wind, and was looking down upon the sidewalk in the customary manner of pedestrians, or the fact that the sidewalk was of a sufficient width to enable her, in traveling along the sidewalk, to pass clear of the obstruction, did not render her conduct as a matter of law negligence proximately causing the injury. Knowledge of the existence of the cannon in the park was not necessarily knowledge that the barrel of the cannon projected over the sidewalk, or that it was low enough to come in contact with the heads of pedestrians using the sidewalk. *Dempsey* v. *City of Rome,* 94 *Ga.* 420 (20 S. E. 335) ; *City of Atlanta* v. *Hampton,* 139 *Ga.* 389 (4) (77 S. E. 393). This case is clearly distinguishable from the following cases in which the dangerous condition in the street was actually known to the plaintiff, or was so glaringly obvious that it must have been observed by a person in the exercise of ordinary care: *Cook* v. *City of Atlanta,* 94 *Ga.* 613 (19 S. E. 987) ; *City of Columbus* v. *Griggs,* 113 *Ga.* 597 (38 S. E. 953, 84 Am. St. R. 257) ; *Southern Railway Co.* v. *Rowe,* 2 *Ga. App.* 557 (57 S. E. 462) ; *Browning* v. *Cave Spring,* 7 *Ga. App.* 724 (67 S. E. 1045) ; *McCart* v. *Jasper County,* 18 *Ga. App.* 769 (90 S. E. 725) ; *City of Macon* v. *Newberry,* 35 *Ga. App.* 252 (132 S. E. 781).

3. The petition, which alleged the required notice to the city before the institution of the suit, set out a cause of action, and the court did not err in overruling the demurrer.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED NOVEMBER 15, 1930. REHEARING DENIED JANUARY 19, 1931.

*E. W. Maynard, J. E. Hall Jr.,* for plaintiff in error.
*Jones, Jones, Johnston & Russell,* contra.