33323. HAMMOCK *v.* CITY COUNCIL OF AUGUSTA.

Decided January 27, 1951.

*Peebles & Burnside,* for plaintiff.

*William P. Congdon,* contra.

Felton, J. Mrs. Eula Mae Hammock sued the City Council of Augusta for damages allegedly resulting from the negligence of the city in failing to keep a certain sidewalk in a safe condition. She alleged: that while she was walking on the paved sidewalk in the center of Green Street, a dead limb about four inches in diameter and about seven feet in length fell from a tree and struck her; that the limb extended over said sidewalk from a tree on Green Street, near the edge of the sidewalk, and that the limb had been dead and in a dangerous condition for many months before the injury; that the limb rendered the sidewalk dangerous and unsafe for use by pedestrians; and that the defendant had notice of the dangerous condition of the limb or should have had in the exercise of ordinary care. The City of Augusta's general demurrer was sustained, the action dismissed, and the plaintiff excepted.

1. It has consistently been held by both the Supreme Court

and this court that the function of a municipality in maintaining its streets and sidewalks to keep them safe for travel in ordinary modes is a ministerial function. This was expressly held in *Mayor &c. of Savannah* v. *Jones*, 149 *Ga.* 139 (99 S. E. 294); *Mayor &c. of Milledgeville* v. *Holloway*, 32 *Ga. App.* 734 (124 S. E. 802), and *Brown* v. *Mayor &c. of Milledgeville*, 20 *Ga. App.* 392 (93 S. E. 25). Cases holding municipalities liable for defects in streets and sidewalks are so numerous that it is useless to attempt to cite them all. Whether or not they all hold explicitly that the function is a ministerial one, we believe they are based on the premise that such a liability existed at common law. *City of Greensboro* v. *McGibbony*, 93 *Ga.* 672 (20 S. E. 37). Code § 69-303 provides: "If a municipal corporation has not been negligent in constructing or repairing the same, it is not liable for injuries resulting from defects in its streets when it has no actual notice thereof, or such defect has [not] existed for a sufficient length of time for notice to be inferred." This section is a codification of the law as laid down in the case of *Mayor &c. of Montezuma* v. *Wilson*, 82 *Ga.* 206 (9 S. E. 17), and was a statement of the Supreme Court's conception of the common law at that time, but the principle had already been stated in previous decisions. *Chapman* v. *Mayor &c. of Macon*, 55 *Ga.* 566; *Mayor &c. of Atlanta* v. *Perdue*, 53 *Ga.* 607; *Mayor &c. of Savannah* v. *Spears*, 66 *Ga.* 304; *Parker* v. *Mayor &c. of Macon*, 39 *Ga.* 725 (99 Am. D. 486). For a citation of many authorities on the question, see *City of Barnesville* v. *Sappington*, 58 *Ga. App.* 27 (197 S. E. 342). The City of Augusta's contention is that Code § 69-303 is in derogation of common law and should be strictly construed to include only defects *in the surface* of a street or sidewalk and not defects on the side of or above it. In the first place the Code section is not in derogation of the common law, but is a codification of a common-law principle as announced by our Supreme Court, and the law would be the same if there were no Code § 69-303. That the principle has been held not to apply solely to defects in the surface of streets and sidewalks, is conclusively shown in *Parker* v. *Mayor &c. of Macon*, supra, where the court stated: "2. But it is insisted, in this case, that the wall being private property, at the edge of the sidewalk, was not embraced within the objects

which the charter gives the city authorities power to remove, as it was not in the street or sidewalk. We think this too narrow a view of the subject. If the city is bound to fill up a pit dug by the edge of the sidewalk, or to fence it off, so that no one may be injured by it, or to remove anything hanging over the sidewalk, which may work injury to those passing by, why is it not bound to remove a crumbling wall standing so near the sidewalk as to fall upon it?" Among other cases in accord, see *Higginbotham* v. *City of Rome*, 24 *Ga. App.* 286 (100 S. E. 720); *City of Atlanta* v. *Harris*, 52 *Ga. App.* 56 (182 S. E. 202); *City of Dalton* v. *Joyce*, 70 *Ga. App.* 557 (29 S. E. 2d, 112); *City of Macon* v. *Stevens*, 42 *Ga. App.* 419 (156 S. E. 718), and citations under catchword "Duty" following Code, Ann., § 69-301. The city in this case contends that the case of *City of Dalton* v. *Joyce*, supra, is not authority for the holding herein made, because, they contend, there was a city ordinance on which the liability in that case is based. This contention is not sound for the reason that the only purpose that the ordinance served in that case was to show negligence on the part of the city for not inspecting the shed as required by the ordinance.

2. This court cannot take judicial notice of whether the location referred to in the petition is such a part of a public park as would require a ruling in favor of the city.

Only the general demurrer was passed on in this case, and nothing else is before us for determination.

The petition stated a good cause of action as against a general demurrer, and the court erred in sustaining the demurrer.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*