34371. MAYOR AND ALDERMEN OF SAVANNAH *v.* JOHNS.

DECIDED FEBRUARY 14, 1953—REHEARING DENIED FEBRUARY 28, 1953.

722

*Alexander & Wells, Edward M. Hester,* for plaintiff in error.
*Rogers, Zeigler, Terry & Coolidge,* contra.

SUTTON, C. J. 1. The defendant contends, and cites some outside authorities in support of its contentions, that the maintenance of streets is and was at common law a governmental function of a municipality; that a city's liability for negligence in failing to repair or remove defects or obstructions in its streets is imposed by a statute (Code, § 69-303) which is in derogation of the common law; and that such statutory liability cannot be extended to cover injuries caused by the negligence of the city's employees engaged in making street repairs or improvements when such negligence does not result in a defective condition of the street.

However, the law is well settled in this State "that a municipal corporation is bound to keep its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes, by night as well as by day; and if it fail to do so, it is liable for damages for injuries sustained in consequence of such failure." *Brown* v. *Mayor &c. of Milledgeville,* 20 *Ga. App.* 392 (1) (93 S. E. 25). It seems that the liability of a municipality for failure to keep its streets and sidewalks in repair existed at common law, for Code § 69-303 was taken from the decision of our Supreme Court in *Mayor &c. of Montezuma* v. *Wilson,* 82 *Ga.* 206 (9 S. E. 17), which, as stated in *Hammock* v. *City Council of Augusta,* 83 *Ga. App.* 217, 218 (63 S. E. 2d, 290), "was a statement of the Supreme Court's conception of the common law at that time, but the principle had already been stated in previous decisions. [Citations.]" It is also stated in the *Hammock* case that Code § 69-303 "is not in derogation of the common law, but is a codification of a common law principle as announced by our Supreme Court." In this connection, see also *Parker* v. *Mayor &c. of Macon,* 39 *Ga.* 725 (99 Am. D. 486); *Mayor &c. of Atlanta* v. *Perdue,* 53 *Ga.* 607; *Chapman* v. *Mayor &c. of Macon,* 55 *Ga.* 566; *City of Greensboro* v. *McGibbony,* 93 *Ga.* 672 (20 S. E. 37).

It has also been held that a municipal corporation's function of keeping its streets in safe condition for travel is ministerial, and that the city is liable for its negligence in performing improperly or in failing to perform such duties. *Mayor &c. of Savannah* v. *Jones,* 149 *Ga.* 139 (99 S. E. 294); *Mayor &c. of Milledgeville* v. *Holloway,* 32 *Ga. App.* 734 (124 S. E. 802); *Hammock* v. *City Council of Augusta,* 83 *Ga. App.* 217, supra. In each of those cases, the negligence of the city was such as to affect some condition of the street or sidewalk which brought about an injury, but we see no reason to make a distinction in the present case, where the alleged negligence of the city's employees occurred while they were engaged in the performance of a ministerial function of the city and where, instead of causing the injury and death of the plaintiff's daughter indirectly by means of an obstruction or a defective condition of the street, it caused the injury directly.

It is further contended by the defendant that the repair or

improvement of the street as alleged in the present case was for the protection of health by filling a place where water stood in the street, and was therefore done in the exercise of a governmental function. However, it is alleged that the hole had been brought about by the defendant's scraping and grading of the street on the same day, when the old fill was removed and had to be replaced. It does not appear that water ever stood in the hole or low place, or became stagnant and a menace to health. The truck which struck the plaintiff's daughter was being used in the performance of a ministerial function by the defendant, and therefore the alleged grounds of the defendant's liability in this respect are sufficient.

2. It is also argued that the petition fails to show any negligence on the part of the defendant city or its servants. It is alleged in the petition that the plaintiff's daughter was in plain view of Poole, the driver of the truck, and of Lubeck, who motioned Poole to come ahead and make a left turn into Delaware Avenue, and that there was nothing to prevent them from seeing her as she went diagonally across the intersection. Whether, in the exercise of ordinary care, the defendant's employees should have seen the plaintiff's daughter and stopped the truck before striking her was a question to be submitted to a jury. Such questions of negligence and proximate cause are ordinarily for a jury, except in plain and undisputable cases. The petition shows that the plaintiff's daughter was proceeding from the truck driver's right across the intersection in front of him, but it does not appear that he could not have seen her, or that Lubeck could not have seen her, and so it is for a jury to say whether they *should* have seen her, had they been in the exercise of ordinary care.

3. The petition set out a cause of action, and it was not error to overrule the general demurrer thereto.

*Judgment affirmed. Felton and Worrill, JJ., concur.*