37413. ATLANTA MUFFLER SHOP, INC. *v.* McSWAIN, by Next Friend.

TOWNSEND, Judge. 1. (*a*) Sidewalks are intended as public thoroughfares, and any person or corporation placing obstructions on or over them in such manner as to render them dangerous to persons using them in a normal manner is guilty of negligence. *Higginbotham* v. *City of Rome*, 24 *Ga. App.* 286 (100 S. E. 720); *Hammock* v. *City Council of Augusta*, 83 *Ga. App.* 217 (63 S. E. 2d 290); *Parker* v. *Mayor &c. of Macon*, 39 *Ga.* 725 (99 Am. D. 486). The abutting property owner is liable for such obstructions if he has caused or con-

tributed to their existence. *Robertson* v. *Liggett Drug Co.,* 81 *Ga. App.* 850 (60 S. E. 2d 268) ; *Belk-Matthews Co.* v. *Thompson,* 94 *Ga. App.* 331 (94 S. E. 2d 516).

(*b*) The petition here alleges that the defendant owned a truck which was by its employee parked on its premises immediately adjacent to a sidewalk; that the back of the truck was loaded with mufflers, and that these mufflers stuck out over the sidewalk about 2½ feet at a height from the ground of 5 feet, and that the plaintiff while in a normal use of the sidewalk was injured thereby. The petition is sufficient to show actionable negligence on the part of the defendant, Atlanta Muffler Shop, Inc. It is not subject to general demurrer on the ground that there is no allegation as to when the mufflers were loaded on the truck or who put them there, and there is no special demurrer calling for this information. The petition is sufficient to show that the defendant deals in mufflers, that its truck, on its premises, placed there by its employee, was loaded with mufflers, and accordingly it must be assumed that the defendant had control of the property involved. The petition is not subject to general demurrer.

2. (*a*) In *City of Macon* v. *Stevens,* 42 *Ga. App.* 419 (156 S. E. 718) it was alleged that a plaintiff using the sidewalks was injured by a cannon which had been so mounted in an abutting park as to extend about eight feet over the sidewalk at a height of 5 feet. The opinion states: "The fact that the person injured knew of the presence of the cannon in the park, but on the occasion of the injury failed to notice it when approaching it, and did not see it because she was walking with her head lowered in order to protect her face and neck from the wind, and was looking down upon the sidewalk in the customary manner of pedestrians . . . did not render her conduct as a matter of law negligence proximately causing the injury."

(*b*) The petition alleges that the plaintiff alighted from a bus in a torrential downpour of rain accompanied by driving wind; that she had nothing to protect her from the rain and accordingly began running in the middle of the sidewalk toward her destination a block away; that she was forced to lower her head in order to keep the rain out of her eyes and to see where she was running and that while so doing she was struck on the side of the face by the mufflers. Under the authority above cited it is sufficient to present a jury question as to

724

whether the plaintiff's injuries proximately resulted from the negligence of the defendant, or from lack of ordinary care for her own safety. It is in one respect stronger than the *Stevens* case in that this plaintiff had no knowledge that there was a load of mufflers in the vicinity, whereas the plaintiff in the *Stevens* case was aware that the cannon had been erected in the park.

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED NOVEMBER 13, 1958—REHEARING DENIED
DECEMBER 1, 1958.

*James H. Moore, John D. Jones, Greene, Neely, Buckley & DeRieux,* for plaintiff in error.

*N. Forrest Montet,* contra.