## 37435. CITY OF MACON *v.* HARRISON.

Decided December 3, 1958—Rehearing denied, December 15, 1958.

*C. Cloud Morgan, Anderson, Anderson, Walker & Reichert,* for plaintiff in error.

*Martin, Snow, Grant & Napier, Cubbedge Snow, Jr.,* contra.

CARLISLE, Judge. Mrs. Era C. Harrison sued the City of Macon in the City Court of Macon on account of the death of her son who was allegedly killed in a collision between a motor skooter which he was driving, and a dump truck of the municipality which was alleged to have been engaged in the work of the maintenance, repair and improvement of the city streets. The collision was alleged to have been the result of certain negligent acts of the defendant's driver and servant. The city filed general and special demurrers to the petition, the trial court overruled the demurrers and the exception here is to that judgment.

The sole basis of the plaintiff in error's contentions before this court is that by Secs. 72, 74 and 85 of the Charter of the City of Macon (Ga. L. 1927, pp. 1283, 1324, 1325 and 1335), the power of the mayor and council over the paving, curbing and maintenance of the streets conferred thereby is limited to legislative and judicial powers, and that the charter specifically provides, "that nothing contained in this section or in any other part of this charter shall be construed to confer any ministerial power on said mayor or council over the streets, . . . but the said mayor and council shall have the right to legislate concerning the same and to prescribe by ordinance or resolution the work to be done and the method of doing the same."

1. In *Mayor &c. of Montezuma* v. *Wilson*, 82 *Ga.* 206 (2) (9 S. E. 17), the Supreme Court held that a municipal corporation could not be held liable for damages resulting from a defect in its streets of which it had no notice unless the municipality had been guilty of negligence in constructing or repairing the streets. The ruling of that case was embodied in Section 749 of the Code of 1895 and is a part of § 69-303 of our present Code, which provides: "If a municipal corporation has not been negligent in constructing or repairing the same, it is not liable for injuries resulting from defects in its streets when it has no actual notice thereof, or such defect has existed for a sufficient length of time for notice to be inferred." Having been adopted as a part of the Code, this ruling of the Supreme Court has the force and effect of a statute enacted by the General Assembly. Code § 102-101. Of similar force and effect are the provisions

of Code § 69-301 which is a codification of the ruling made by the Supreme Court in *Collins* v. *Mayor &c. of Macon,* 69 *Ga.* 542 (1). This latter Code section provides that for the failure to perform or for the improper or unskillful performance of ministerial duties, a municipality shall be liable.

In construing these Code sections, "It has consistently been held by both the Supreme Court and this court that the function of a municipality in maintaining its streets and sidewalks to keep them safe for travel in ordinary modes is a ministerial function. This was expressly held in *Mayor &c. of Savannah* v. *Jones,* 149 *Ga.* 139 (99 S. E. 294); *Mayor &c. of Milledgeville* v. *Holloway,* 32 *Ga. App.* 734 (124 S. E. 802), and *Brown* v. *Mayor &c. of Milledgeville,* 20 *Ga. App.* 392 (93 S. E. 25). Cases holding municipalities liable for defects in streets and sidewalks are so numerous that it is useless to attempt to cite them all. Whether or not they all hold explicitly that the function is a ministerial one, we believe they are based on the premise that such a liability existed at common law. *City of Greensboro* v. *McGibbony,* 93 *Ga.* 672 (20 S. E. 37)." *Hammock* v. *City Council of Augusta,* 83 *Ga. App.* 217, 218 (63 S. E. 2d 290).

The aforesaid Code sections as thus construed and applied by both this court and the Supreme Court have the force and effect of a general law. *Thornton* v. *Lane,* 11 *Ga.* 459, 500; *Lucas* v. *Lucas,* 30 *Ga.* 191, 202 (1) (76 Am. D. 642); and, see *Frazier* v. *Southern Ry. Co.,* 200 *Ga.* 590, 596 (2) (37 S. E. 2d 774). Accordingly, the inhibition contained in art. I, sec. IV, par. I of the Constitution (Code, Ann., § 2-401) against the passage of special laws in conflict with existing general law is applicable, and the attempt of the legislature to limit the liability of the City of Macon by enacting the charter provision relied on by the plaintiff in error cannot be effectual. *City of Atlanta* v. *Hudgins,* 193 *Ga.* 618, 622 (19 S. E. 2d 508); *DeJarnette* v. *Hospital Authority of Albany,* 195 *Ga.* 189, 202 (23 S. E. 2d 716).

In view of the foregoing authorities, insofar as it is contended that the charter provisions of the City of Macon relieve the city from liability for negligence in the maintenance of its streets, such provision is inconsistent with general law of force and effect

772

in this State. A decision of this question was properly invoked by the demurrers of the defendant and the argument advanced in support thereof. The petition otherwise alleging that the defendant municipality through its agent and servant was guilty of specified acts of negligence resulting in the injury and death of the plaintiff's son was not subject to general demurrer, and the trial court did not err in overruling the general demurrer. See *Mayor &c. of Savannah* v. *Johns,* 87 *Ga. App.* 719 (75 S. E. 2d 342).

2. The sole special demurrer attacked the use of the word "ministerial" in the petition as applied to the function of the city in the maintenance and repair of its streets as being a conclusion. By amendment, the plaintiff struck the word "ministerial" wherever it appeared in the paragraph demurred to. The plaintiff having so amended her petition, there was nothing left therein for this particular demurrer to operate on, and the trial court did not err in overruling this special demurrer as renewed.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*