[Civ. No. 28985.   Second Dist., Div. Four.   Dec. 6, 1966.]

MANLEY SUESS et al., Plaintiffs and Appellants, v. ELSIE WESTWOOD et al., Defendants and Respondents.

William A. Kurlander and Stephen Warren Solomon for Plaintiffs and Appellants.

Morgan, Wenzel, Lynberg & Morris and Bruce L. Nelson for Defendants and Respondents.

FILES, P. J.— Plaintiffs brought an action for the wrongful death of their minor son. Judge Lucas sustained defendants' general demurrer to the second amended complaint with leave to amend, and when plaintiffs offered no amendment, Judge Allen signed an order dismissing the action. Plaintiffs appeal from that order.

The facts alleged in the second amended complaint are as

follows: On June 19, 1963, defendants had parked their Oldsmobile automobile in a trailer park in Sun Valley. Prior to this time defendants had installed on the vehicle a radio antenna which extended beyond the rear bumper of the automobile at approximately eye level. The car was parked in such a position that the antenna extended into an area of the trailer park ordinarily used by pedestrians. The antenna was dull in texture and difficult to see under the lighting conditions existing at the time of the accident. At about 9 p.m. plaintiffs' 15-year-old son, who resided on the premises, was playing when he collided with the radio antenna, sustaining injuries which resulted in his death.

In *Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213, 216-217 [157 P.2d 372, 158 A.L.R. 872], the court said:

"It is well settled that one test for determining the issue of negligence is whether a person of ordinary prudence should have foreseen or anticipated that someone might be injured by his action or nonaction. (19 Cal.Jur. 583, 563-4; 1 Shearman & Redfield on Negligence, § 24.) Or as stated in different terms: 'Negligent conduct may be either: (a) an act which the actor as a reasonable man should realize as involving an unreasonable risk of causing an invasion of an interest of another; or, (b) a failure to do an act which is necessary for the protection or assistance of another and which the actor is under a duty to do.' (Rest., Torts, § 284.) . . . The actor is bound to know 'the qualities and habits of human beings and animals and the qualities, characteristics and capacities of things and forces in so far as they are matters of common knowledge at the time and in the community.' (Rest., Torts, § 290.)

"Whether or not the test has been met is generally one of fact for the trier of fact."

Considering the circumstances alleged in this complaint, the trier of the facts may reasonably conclude that a person of ordinary prudence should have forseen that parking that vehicle in that place at that time would subject persons, such as the plaintiffs' son, to an unreasonable risk of bodily harm. Proof of such conduct will support a judgment against the defendants.

In *Schaublin* v. *Leber*, 50 N.J. Super. 506 [142 A.2d 910], defendant parked his station wagon on the street parallel to the curb, leaving the top-hinged rear window open and projecting 7 to 8 inches beyond the bumper. A pedestrian who walked into this projection recovered damages for her injuries.

In *Judy* v. *Doyle*, 130 Va. 392 [108 S.E. 6], defendant's

truck was parked diagonally in the street with mower blades projecting 18 to 20 inches beyond the tailgate. Plaintiff, a bicyclist, struck the blades and recovered damages for his injuries.

In *Atlantic Muffler Shop, Inc.* v. *McSwain*, 98 Ga.App. 722 [106 S.E.2d 823], defendant's truck was parked so that the mufflers it was carrying projected over the sidewalk, where plaintiff, a pedestrian, ran into them. Plaintiff's pleading was held to state a cause of action.

In each of the three cited cases the plaintiff was in a public street or sidewalk rather than on private property as in this case. But that distinction does not make the underlying rule inapplicable. The complaint alleges that the decedent was a resident of the trailer park. It is a reasonable inference (absent other circumstances not shown by the pleading) that decedent was entitled to play there and that defendants should have anticipated his presence.

*Hatch* v. *Ford Motor Co.*, 163 Cal.App.2d 393 [329 P.2d 605], relied upon by defendants, is not in conflict with what we have said here. *Hatch* was an action on behalf of a child who had injured himself by running into the pointed radiator ornament on a parked automobile. It was not alleged that the ornament protruded beyond the front of the vehicle. The action was brought against only the manufacturer of the vehicle. In affirming an order dismissing the action on demurrer, the court declared that the manufacturer had no "duty to render a vehicle safe to collide with." (P. 397.)

The *Hatch* opinion emphasizes the distinction between the duty of the manufacturer in designing a vehicle and the duty of the operator. The court said (at p. 398) :

"Plaintiff seeks to apply such cases as *Grimes* v. *Richfield Oil Co.*, 106 Cal.App. 416 [289 P. 245] and *Judy* v. *Doyle*, 130 Va. 392 [108 S.E. 6]. They are not applicable. They do not involve any question of a manufacturer's liability for a design of the vehicle, but only the question of the negligent use of a vehicle by the operator in obstructing the highway by an overhanging or protruding load."

The order of dismissal is reversed with directions to overrule the demurrer to the complaint.

Jefferson, J., and Kingsley, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 1, 1967.