## 61157. RICHARDS v. MAYOR & CITY COUNCIL OF AMERICUS et al.

BIRDSONG, Judge.

On April 25, 1979, the plaintiff's husband, Willard S. Richards, was traveling south on South Lee Street in Americus, Georgia, in a 1978 Pontiac when a limb that extended over the street broke off and crushed the roof of the vehicle, crushing him and allegedly causing his death.

On July 25, 1979, the plaintiff, Janet Richards, filed her complaint for damages (since amended and restated) against the Mayor and City Council of Americus, N. G. Gilbert Corp., and Georgia Power Company.

On July 29, 1980, the trial court entered an order granting the motions of defendants N. G. Gilbert Corp. and Georgia Power for summary judgment. Plaintiff appeals those judgments. We affirm. *Held:*

The appellant first alleges: "The trial court erred in granting the motion of Defendant Georgia Power Company for summary judgment, thus concluding that the defendant was not negligent, the defendant did not maintain and create a nuisance, and the defendant did not have a duty to correct a dangerous condition which it created."

Summary judgment can be granted by a trial court under the following circumstances:

Code Ann. § 81A-156 (c): ". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

Furthermore, ". . . When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his

response, by affidavits or otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. . . ." Code Ann. § 81A-156 (e).

The complaint alleged that defendant-appellee Georgia Power was under a duty to correct and remove the dangerous condition of the tree and was negligent in failing to do so.

Georgia Power offered unrebutted evidence that it did not own the land where the tree was located and had only a limited license pursuant to franchise to "cut and trim trees . . . to insure safe and efficient service" and had no other status on the premises and therefore had no duty to the injured party. *Daniel v. Ga. Power Co.,* 146 Ga. App. 596 (247 SE2d 139); *Haber v. Ga. Power Co.,* 127 Ga. App. 19 (192 SE2d 436). This appellee also offered evidence that it had not trimmed this tree for at least 15 years and had no duty resulting from the creation of a nuisance as contemplated by *Hardy v. Brooks,* 103 Ga. App. 124 (118 SE2d 492). Furthermore, it is also unrefuted that the limb that struck the victim was eight feet below the power line in a place where it was unnecessary to cut and trim to insure safe and efficient service.

Municipalities themselves primarily are responsible for the safe condition of the public roads of the municipal street system (with liability limited to negligence arising from constructing and maintaining the streets where there is actual notice of or existence of negligence for such a length of time that notice thereof may be inferred, Code Ann. § 95A-505). The "defects in its streets" for which a municipal corporation may be held liable under the provision of this code section (and its predecessor) have been held to include objects adjacent to, and suspended over, the municipality's streets and sidewalks, the presence of which renders the use of these thoroughfares more hazardous. *Parker v. Mayor &c. of Macon,* 39 Ga. 725; *Hammock v. City Council of Augusta,* 83 Ga. App. 217 (63 SE2d 290); *City Council of Augusta v. Glover,* 83 Ga. App. 314 (63 SE2d 422); *City of Macon v. Stevens,* 42 Ga. App. 419 (156 SE 718); *Higginbotham v. City of Rome,* 24 Ga. App. 286 (100 SE 720). Any alleged imputed knowledge by the city is not involved in this case because appellant has not shown that any duty reposed in the employees of N. G. Gilbert Corp. and Georgia Power to report hazardous conditions to the city.

Although there is some evidence that N. G. Gilbert's foreman noted the condition of the offending tree at some point before April 25, 1978 and made a report to an employee of Georgia Power, the record contains no evidence of an affirmative duty to report those conditions to the city.

N. G. Gilbert Corp. is an independent contractor performing

work for Georgia Power. The power company operates pursuant to license granted them by franchise by the City of Americus. Employees of the N. G. Gilbert Corp. are not, by virtue of that independent contractor status, employees or officers of Georgia Power and employees of Georgia Power are not by virtue of the franchise officers or employees of the City of Americus. The duty imposed by the franchise is to render safe electrical service, not to maintain safe streets. The duty to cut and trim trees and shrubbery contained in the franchise relates to safe electrical service.

As indicated, the franchise contains no independent requirement that Georgia Power maintain the streets in a safe condition. The franchise does require that "the Company shall, in constructing, maintaining, operating and extending its poles, wires and other apparatus, submit and be subject to all reasonable exercises of the police power by the City." Thus Georgia Power and their contractor were bound to obey the following city ordinance: "(1) No person, except the owner or his duly authorized agent, shall cut or trim any tree within the corporate limits of the city, except as follows:

"(a) Only during the months of November and December.

"(b) Only after the cutting or trimming thereof has been authorized in writing by the city engineer, and the particular part thereof to be cut or trimmed.

"(2) After cutting or trimming, the stump or stem remaining shall be treated in the manner prescribed by the city engineer so as to close up the wound or cut part, to prevent same from decaying. (Code 1929, Sec. 1435, 1436)." Code of Ordinances; City of Americus, Georgia, §§ 20-14, 261, 262.

The entity required to seek authority to trim trees is the owner. In this case that is neither Georgia Power nor N. G. Gilbert Corp. Even that authority is severely circumscribed by the city. Under such circumstances, the trial court properly determined there was no duty on Georgia Power or N. G. Gilbert Corp. to maintain safe streets or to inspect trees and make reports to the City of Americus for that purpose.

With this unrefuted evidence establishing the absence of any duty or negligence by this appellee, there was no genuine issue of fact to be decided by a jury and appellee was entitled to judgment as a matter of law (Chastain v. Atlanta Gas Light Co., 122 Ga. App. 90 (176 SE2d 487)). The trial court did not err in granting summary judgment to Georgia Power.

In like manner, the appellant's other enumeration alleges: "The trial court erred in granting the motion of [Defendant] N. G. Gilbert Corporation for summary judgment, thus concluding that the defendant was not negligent, the defendant did not maintain and

create a nuisance, and the defendant did not have a duty to correct a dangerous condition which it created."

N. G. Gilbert Corp. trims trees along power lines for Georgia Power. This appellee presented evidence that prior to the year 1975, N. G. Gilbert Corp. did not have a tree trimming crew operating within the Americus District of Georgia Power on distribution lines, and since 1975 only one N. G. Gilbert Corp. tree trimming crew has worked on distribution lines within the Americus District of Georgia Power. The foreman of this tree cutting crew testified the crew had never trimmed the offending tree involved in this case. This appellee cut along lines designated by Georgia Power and had no status as to the property beyond that of Georgia Power. Therefore, no duty arose where there was no control over the premises or from the creation of a hazardous condition as required by *Holcombe v. Harris,* 143 Ga. App. 173 (237 SE2d 677). The evidence being unrebutted by the plaintiff-appellant who had the duty to rebut, *Clements v. Warner Robins Supply Co.,* 235 Ga. 612, 614 (4) (221 SE2d 35), and there being raised no genuine issue of fact to be decided by the jury, *Stephens Co. v. Gaines,* 128 Ga. App. 661 (197 SE2d 424), the trial court did not err in granting summary judgment to the appellee N. G. Gilbert Corp.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 23, 1981 —
REHEARING DENIED MAY 29, 1981 

*Kenneth M. Henson, Kenneth M. Henson, Jr., Millard Fuller, Thomas R. McFarland,* for appellant.

*C. O. Oxford, J. Frank Myers, Don D. Rentz,* for appellees.