A92A0088. CARTER v. GEORGIA POWER COMPANY et al.
(418 SE2d 379)

Pope, Judge.

Plaintiff Comer Charles Carter was seriously injured when a limb fell from an oak tree and struck him in the head as he was walking along a Macon city street. Plaintiff brought a claim alleging negligence against defendants City of Macon, Georgia Power Company and two other parties. Plaintiff eventually dismissed his complaint against the two other parties and the trial court granted summary judgment to the City of Macon and Georgia Power Company. Plaintiff appeals.

1. First, plaintiff argues the trial court erred in granting summary judgment to defendant City of Macon. Plaintiff argues the evidence shows the limb which fell on him had been dead for so long that it had detached from the tree and was resting on other limbs in the tree. Plaintiff argues that pursuant to the duty of a municipality to maintain the public roads free from defects, the City, in the exercise of reasonable care, should have known of the defect and danger posed by the limb which struck the plaintiff.

The only witness who testified to the existence of the hanging dead limb, however, did not witness the incident which caused plaintiff's injury. His testimony indicates that he merely assumed the limb which struck the plaintiff was the one he described as hanging in the tree. In fact, two eyewitnesses to the incident testified they were in their yards, near where the plaintiff was standing in the street when he was struck. One witness testified by affidavit he saw the limb fall from the tree some 20 to 30 feet above the level where the power lines ran through the branches. The other witness testified by deposition he heard the sound of a limb breaking off a tree and looked up to see the limb falling. He examined the limb and noticed decay on the butt end, yet said the limb showed no visible signs of decay along the length of the limb and described it as looking "normal." Moreover, the owner of the lot on which the tree was located testified he lived nearby and walked past the tree several times a week and the tree appeared healthy and not hazardous. The city presented evidence that it had no record of any complaint or report regarding the tree.

The issue presented by a case such as the one at hand, which alleges a municipality is liable for injury from a defect in the public roads, is whether the municipality had actual notice of the defect or, alternatively, whether the defective condition had existed for a suffi-

cient length of time for notice to be inferred. See *Andrews v. Macon,* 191 Ga. App. 745 (2) (382 SE2d 739) (1989). The evidence in this case establishes that the city had no actual notice of the danger of falling limbs from the tree in question and the evidence creates no issue for the jury in regard to constructive knowledge. The undisputed testimony of the eyewitnesses establishes that the limb which fell, though it was in fact decayed, appeared normal. Just as the owner of a tree has no duty to check it constantly for non-visible rot (see *Willis v. Maloof,* 184 Ga. App. 349 (2) (361 SE2d 512) (1987); *Cornett v. Agee,* 143 Ga. App. 55 (1) (237 SE2d 522) (1977)), a city has no duty to check limbs overhanging a public road for non-visible rot. The trial court did not err in granting summary judgment to the City of Macon.

2. Neither did the trial court err in granting summary judgment to Georgia Power Company. The evidence shows power lines ran through the limbs and branches of the tree. The City of Macon had granted Georgia Power Company a franchise to supply electrical power to the city, including an easement to use the city streets and public places to cut and trim trees as necessary for the maintenance of its power lines. The franchise in no way, however, was an assignment of the city's duty to maintain the safety of the public roads. "The duty imposed by the franchise is to render safe electrical service, not to maintain safe streets." *Richards v. Mayor &c. of Americus,* 158 Ga. App. 693, 695 (282 SE2d 122) (1981). The eyewitness testimony establishes that the limb which fell originated above the level of the power line. Thus, the evidence shows the limb was not one which Georgia Power Company had a duty to trim.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 8, 1992 —
RECONSIDERATION DENIED APRIL 29, 1992 — ▮▮▮▮▮▮▮

*McKenney, Jordan & Carey, G. McGregor Jordan, Jr., John D. Carey,* for appellant.
*Jones, Cork & Miller, H. Jerome Strickland, W. Kerry Howell, Chambless, Higdon & Carson, Thomas F. Richardson, Joan E. West,* for appellees.