### A04A0120. BARRETT v. MARATHON INVESTMENT CORPORATION.
(601 SE2d 516)

PHIPPS, Judge.

Jacquelyn H. Barrett, as sheriff of Fulton County, appeals an order requiring her to pay to Marathon Investment Corporation certain funds, interest thereon, attorney fees, and costs.[1] She contends that the trial court erred by ruling that Marathon was entitled to the funds and in awarding interest and attorney fees. Because Barrett has failed to demonstrate error, we affirm.

Marathon filed a money rule[2] petition against the sheriff in the superior court, seeking to recover excess funds she had collected and

---

[1] The Supreme Court of Georgia transferred Barrett's case to this court.

[2] See OCGA §§ 15-13-3; 15-13-4.

retained as a result of a March 2, 1999 sale of certain real property pursuant to a levy for unpaid taxes. Marathon alleged that it had been the highest bidder at that sale, that the sheriff subsequently issued a tax sale deed to it, that it had later obtained "all the right, title and interest of the Defendant in tax fi fa, as shown on the tax sale deed, through a quit-claim deed . . . dated December 15, 2000," that on June 28, 2001, "as the successor in right, title and interest to the owner-defendant in fi fa," it had demanded from the sheriff the excess funds, and that she had refused to comply with its demand. In addition to the excess proceeds and interest thereon, Marathon sought attorney fees and costs, claiming that the sheriff's holding of the funds was without any legal basis, was wilfully and stubbornly litigious, was in bad faith, and was causing unnecessary delay and expense. Among other defenses, the sheriff answered that Marathon's claim for the excess funds was barred by the doctrine of sovereign immunity and that Marathon had failed to establish entitlement to the excess funds.

After a hearing where all parties and counsel were present, the court found that Marathon had "obtained all the right, title and interest of the Defendant in tax fi fa, as shown on the tax sale deed, through a quit-claim deed as dated December 15, 2000," that "[Marathon], as the successor in right, title and interest to the owner-defendant in fi fa, provided all documentation to [the sheriff]," that the sheriff's refusal to disburse the demanded funds to Marathon was without legal basis, was wilful and stubbornly litigious, was in bad faith, and had caused Marathon unnecessary delay and expense. The court therefore ordered the sheriff to pay to Marathon the excess funds plus interest calculated "at the rate of 20% per annum from the date of [Marathon's] initial application, June 28, 2001, there being no good cause for the Sheriff's failure to pay out such excess funds." Further, the court awarded Marathon attorney fees.

1. Barrett contends that the court erred as a matter of law in ruling that Marathon was entitled to the funds. OCGA § 48-4-5 directly addresses the disposition of excess proceeds from a tax sale of returned property. At the pertinent time, prior to its 2002 amendment, that Code section provided, "If there is any excess after paying taxes, costs, and all expenses of a sale, it shall be immediately paid to the person authorized to receive the excess."[3]

In the absence of an express definition of "the person authorized to receive the excess," Barrett argues that Marathon could not have been entitled to the funds because, as sheriff, she retains the excess funds for "the party owning the property and his lien holders as of the

---

[3] See *Alexander Investment Group v. Jarvis*, 263 Ga. 489, 490 (1) (435 SE2d 609) (1993).

date of the tax sale," and it is undisputed that Marathon was neither. Marathon claims that, while it was not entitled to receive the excess funds on the date of the tax sale, it later became entitled to the funds through a quitclaim deed.

The policy of the law is to encourage free alienability of property, and attempts to remove either land or chattel from circulation in trade are discouraged.[4] Accordingly, we decline to hold that a defendant in fi. fa. may not effect a transfer of an interest in excess funds generated by a sale of real property pursuant to a tax execution.[5] The trial court did not err, as a matter of law, in recognizing a transfer of such an interest in this case.

2. Barrett contends that the trial court's conclusion that Marathon was entitled to the excess funds lacks evidentiary support. She asserts that Marathon failed to introduce any evidence of a quitclaim deed at the hearing. Alternatively, she asserts that the quitclaim deed cited by the trial court could not have transferred an interest in the excess funds because the deed did not "even mention the words 'excess funds' or 'proceeds from tax sale' or in any way refer to the transfer of an interest in excess funds." Barrett argues, "a party may not transfer [its] interest in excess funds via a quitclaim deed of the underlying property sold at [a] tax sale *after* the tax sale when such quitclaim deed fails to transfer an interest in the excess funds."[6]

Consideration of whether there was evidence supporting the trial court's finding that the defendant in fi. fa. conveyed his right to receive excess funds requires a review of the evidence presented at the hearing. But Barrett reports that "[t]here was no transcript kept of the hearing," and the appellate record contains no stipulation of evidence in lieu of a transcript.[7] Consequently, in accordance with the presumption of the regularity of court proceedings, we must assume that, in the absence of a transcript, the trial court's findings were supported by sufficient competent evidence.[8]

3. Barrett contends that the trial court erred in awarding interest and determining that interest accrued from June 28, 2001.

OCGA § 15-13-3 (a) provides,

If any sheriff . . . fails, upon application, to pay to the proper person or his attorney any money he may have in his hands which he may have collected by virtue of his office, the party entitled thereto or his attorney may serve such officer with a

---

[4] See *Dyer v. Dyer*, 275 Ga. 339, 341 (1) (566 SE2d 665) (2002).

[5] See id.

[6] (Emphasis in original.)

[7] See OCGA § 5-6-41 (i).

[8] See *Kirkendall v. Decker*, 271 Ga. 189, 191 (516 SE2d 73) (1999).

written demand for the same. If not then paid, for such neglect or refusal the officer shall be compelled to pay interest at the rate of 20 percent per annum upon the sum he has in his hands from the date of the demand, unless good cause is shown to the contrary.

Barrett asserts that there was no evidence that Marathon was entitled to the funds or that she was neglectful in refusing to disburse the funds to Marathon. She also asserts that there was no evidence to support the court's determination that the interest accrued from June 28, 2001. She claims, "the record clearly shows that [Marathon] filed its application on March 11, 2002."

These challenges to the interest award require review of the evidence presented at the hearing. As Barrett has failed to provide this court with a transcript of the hearing, we must assume that the trial court's findings were supported by sufficient competent evidence.[9] Barrett's reliance on *Morrison v. Slaton*[10] is unavailing.

4. Barrett contends that the trial court erred by failing to rule that Marathon's claim to recover the excess funds was barred by the defense of sovereign immunity. But the General Assembly waived such immunity in OCGA § 15-13-2 (4), which provides that "[a]ny sheriff shall be liable to an action for damages ... whenever it appears that the sheriff has injured the party by ... [n]eglecting to pay over to the plaintiff or his attorney any moneys collected by the sheriff by virtue of any fi. fa. or other legal process." As Marathon's claim was premised upon the sheriff's failure to disburse to it such money, sovereign immunity did not bar the claim. Barrett's reliance on *Seay v. Cleveland*[11] is misplaced.

5. Barrett contends that the trial court abused its discretion in awarding attorney fees, asserting that she had not been overly litigious but had merely performed her duty as a fiduciary to disburse excess funds generated from a tax sale only to the correct entity. Without a transcript, we must assume the trial court was authorized to award the fees.[12]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

---

[9] See id.

[10] 148 Ga. 294 (96 SE 422) (1918) (no interest was chargeable to the sheriff until the party entitled to the funds could be identified).

[11] 270 Ga. 64, 65-66 (1) (508 SE2d 159) (1998) (sheriff sued in official capacity and asserting defense of sovereign immunity could not be held liable on claims of negligence where immunity had not been waived by law or by the county).

[12] See *Kirkendall*, supra.

DECIDED JUNE 29, 2004.

*Overtis H. Brantley, Vernitia A. Shannon, John A. Ayoub*, for appellant.

*Perrie & Cole, C. Terry Blanton*, for appellee.