**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 3, 2014**

# In the Court of Appeals of Georgia

A13A2068.  BARTOW   COUNTY   v.   SOUTHERN   DO-104
    DEVELOPMENT, III, L.P.

A13A2069.  BARTOW   COUNTY   v.   SOUTHERN   DO-105
    DEVELOPMENT, III, L.P.

DOYLE, Presiding Judge.

These interlocutory appeals stem from the same case in which Southern Development, III, L. P. ("Southern"), sued Bartow County seeking payment of excess funds following a tax sale. The County appeals from the denial of its summary judgment motion (Case No. A13A2069) and the grant of Southern's motion to add the Bartow County Tax Commissioner as a party (Case No. A13A2068). For the reasons that follow, we reverse in Case No. A13A2069 and dismiss as moot Case No. A13A2068.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that in 2004, Southern conveyed a parcel of property to James and Sandra Wade, and Southern was granted a security deed in the property. Both deeds were recorded in 2004. According to Southern, the Wades defaulted on their loan agreement with Southern, and Southern foreclosed on the property in a non-judicial foreclosure sale in May 2009. Southern did not record the deed under power of sale until January 2011.

Meanwhile, as a result of unpaid taxes on the property, in September 2009 the Bartow County Tax Commissioner sent notices of a tax levy and sale to persons believed to have an ownership interest, including to the address listed for Southern on a website maintained by the Georgia Secretary of State. The Tax Commissioner received a signed return receipt of the notice, but Southern disputes receiving any

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

2

notice of the tax levy or sale. A tax sale was held in November 2009, and a third party bought the property for $31,000 and recorded the tax sale deed in January 2010.

Also in January 2010, the Tax Commissioner issued a check to the County for $26,052.31 in excess funds from the tax sale. The Tax Commissioner sent notice of this to Southern's address on file with the Secretary of State, but Southern maintains that it never received the notice.

In July 2010, the Wades (or their daughter) inquired about claiming the excess funds and filled out paperwork to claim the funds from the County. A week later, the Wades visited the County offices, presented identification, filled out paperwork averring that there were no other legal claimants, and claimed the excess funds.

Thereafter, Southern learned of the excess funds, and in May 2011 sent an anti-litem notice to the County demanding payment of the excess funds. The County refused, citing its payment to the Wades, and Southern filed suit against the County in February 2012. The County answered, asserting a sovereign immunity defense, and following discovery, moved for summary judgment. Following a hearing, the trial court denied summary judgment in a one-sentence order and issued a certificate of immediate review. The trial court also granted a motion filed by Southern to add the

Tax Commissioner as a party. This Court granted the County's application for interlocutory review, giving rise to these appeals.

*Case No. A13A2069*

1. The County contends that the trial court erroneously denied its summary judgment motion because the present action against the County is barred by sovereign immunity. We agree.

Southern's complaint asserts a single claim for excess funds (plus attorney fees) pursuant to OCGA § 48-4-5, which Code section provides as follows, in relevant part:

> (a) If there are any excess funds after paying taxes, costs, and all expenses of a sale made by the tax commissioner, tax collector, or sheriff, or other officer holding excess funds, the officer selling the property shall give written notice of such excess funds to the record owner of the property at the time of the tax sale and to the record owner of each security deed affecting the property and to all other parties having any recorded equity interest or claim in such property at the time of the tax sale. Such notice shall be sent by first-class mail within 30 days after the tax sale. The notice shall contain a description of the land sold, the date sold, the name and address of the tax sale purchaser, the total sale price, and the amount of excess funds collected and held by the tax commissioner, tax collector, sheriff, or other officer. The notice shall state that the excess funds are available for distribution to the owner or

4

owners as their interests appear in the order of priority in which their interests exist.

Based on this, Southern's complaint alleged that the County breached its statutory duty by failing to notify Southern that excess funds from the tax sale were available for distribution and by disbursing the funds to the Wades.

In response, the County answered and asserted sovereign immunity among its defenses. When it later moved for summary judgment, the County did not brief the issue, but it raised it three times at the hearing on the motion. Southern, on appeal and below, has not addressed the merits of the sovereign immunity defense, but merely argues that the defense was not sufficiently asserted below such that it needed to respond. In light of the County's answer and explicit argument at the summary judgment hearing, Southern misconstrues the parties' burdens in this case.

> [S]overeign immunity extends to the [S]tate and all of its departments and agencies[, including counties.][2] The sovereign immunity of the [S]tate and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver. . . Furthermore, OCGA § 36-1-4 provides that "a county is not

---

[2] See generally *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994).

liable to suit for any cause of action unless made so by statute." [Thus, a] county's immunity is thus complete unless waived by statute.[3]

Further,

> sovereign immunity is not an affirmative defense (see OCGA § 9-11-8 (c)) that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and *the waiver must be established by the party seeking to benefit from the waiver*. Thus, [Southern], not [the County], had the burden of establishing [a waiver of] sovereign immunity.[4]

Here, Southern has pointed to no statute creating a waiver or any factual scenario warranting a waiver with respect to the claim it brought in its complaint. For example, a county sheriff, which could be liable in a money rule petition brought under OCGA § 15-13-3, is subject to the explicit statutory waiver of immunity under OCGA § 15-13-2 providing that "[a]ny sheriff shall be liable to an action for damages . . . whenever it appears that the sheriff has injured the party by . . . [n]eglecting to pay

---

[3] (Citation and punctuation omitted.) *Rutherford v. DeKalb County*, 287 Ga. App. 366, 367-368 (1) (651 SE2d 771) (2007), citing Ga. Const. of 1983, Art. I, Sec. II, Para IX (e).

[4] (Citation omitted; emphasis supplied.) *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347, 348 (1) (434 SE2d 488) (1993), overruled on other grounds by *Hedquist v. Merrill Lynch &c. Inc.*, 272 Ga. 209, 211 (1) (528 SE2d 508) (2000).

6

over to the plaintiff or his attorney any moneys collected by the sheriff by virtue of any fi. fa. or other legal process. . . ."[5] By contrast, there is no such waiver of immunity in OCGA § 48-4-5, particularly with respect to the County itself.[6] Accordingly, Southern has failed to meet its burden to show waiver of immunity on the part of the County with respect to the claim stated in Southern's complaint. Thus, the trial court erred by denying the County's motion for summary judgment.

*Case No. A13A2068*

2. In light of our holding in Case No. A13A2069 resolving the controversy between the parties to this appeal, the County's challenge to the motion to add the Tax Commissioner[7] is moot.[8] Accordingly, Case No. A13A2068 is dismissed.

---

[5] See *Barrett v. Marathon Investment Corp.*, 268 Ga. App. 196, 199 (4) (601 SE2d 516) (2004).

[6] See *Currid v. DeKalb State Court Probation Dept.*, 285 Ga. 184, 187 (674 SE2d 894) (2009) ("without specific statutory language providing for (1) a waiver of sovereign immunity and (2) the extent of such waiver, no waiver can be shown") (emphasis omitted).

[7] See generally *Scott v. Vesta Holdings I, LLC*, 275 Ga. App. 196, 197, n. 3 (620 SE2d 447) (2005) (noting that the tax commissioner was an ex-officio sheriff pursuant to OCGA § 48-5-137).

[8] See *Nuvell Nat. Auto Finance, LLC v. Monroe Guar. Ins. Co.*, 319 Ga. App. 400, 410 (3) (736 SE2d 463) (2012).

*Judgment reversed in Case No. A13A2069; Case No. A13A2068 is dismissed.*

*McFadden and Boggs, JJ., concur.*