Andrews, Presiding Judge,
concurring specially.
I agree with the majority opinion that the trial court correctly denied the City of Fitzgerald’s motion for summary judgment on the basis of sovereign immunity because a jury issue exists as to whether the City had inferred or constructive notice of the rotten condition of the tree branch that fell and hit Caruthers. I concur specially to express disagreement with other conclusions reached by the majority.
“Sovereign immunity applies to municipalities, unless the General Assembly waives it by law. Ga. Const, of 1983, Art. IX, Sec. II, Par. IX.” Godfrey v. Ga. Interlocal Risk Mgmt. Agency, 290 Ga. 211, 214 (719 SE2d 412) (2011); OCGA § 36-33-1 (a). The General Assembly has provided for such waiver in OCGA § 36-33-1 (b), which states: “[mjunicipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable.” “This provision has for more than a century been interpreted to mean that municipal corporations are immune from liability for acts taken in performance of a governmental function but may be liable for the negligent performance of their ministerial duties.” City of Atlanta v. Mitcham, 296 Ga. 576, 577-578 (769 SE2d 320) (2015). As the majority opinion explains, the extent to which the City’s sovereign immunity may be waived for the negligent performance of the specific ministerial duty at issue in this case is set forth in OCGA § 32-4-93 (a), which provides as follows:
A municipality is relieved of any and all liability resulting from or occasioned by defects in the public roads of its municipal street system when it has not been negligent in constructing or maintaining the same or when it has no
*736 actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred.
Mitcham, 296 Ga. at 577, n. 2 (OCGA § 32-4-93 (a) sets forth waiver of municipal sovereign immunity for defects in public roads); Roquemore v. City of Forsyth, 274 Ga. App. 420, 423 (617 SE2d 644) (2005) (municipalities generally have a ministerial duty under OCGA § 32-4-93 (a) to keep public roads reasonably safe for travel); see Town of Fort Oglethorpe v. Phillips, 224 Ga. 834, 836-837 (165 SE2d 141) (1968). The liability of municipalities for defects in public roads under OCGA § 32-4-93 (a) also extends to public sidewalks. Hagan v. Ga. Dept. of Transp., 321 Ga. App. 472, 478 (739 SE2d 123) (2013). The reference to defects in OCGA § 32-4-93 (a) refers to the physical condition of the city road or sidewalk and to defects brought about by forces of nature or persons which render the road or sidewalk unsafe for travel. McKinley v. City of Cartersville, 232 Ga. App. 659, 660 (503 SE2d 559) (1998). These defects include objects adjacent to and suspended over the city road or sidewalk — including tree branches — which render use of the road or sidewalk hazardous. Richards v. Mayor & City Council of Americus, 158 Ga. App. 693, 694 (282 SE2d 122) (1981); Carter v. Ga. Power Co., 204 Ga. App. 77 (418 SE2d 379) (1992). Liability is imposed “for injuries resulting from [these] defects after actual notice, or after the defect has existed for a sufficient length of time for notice to be inferred.” Bush v. City of Gainesville, 105 Ga. App. 381, 383 (124 SE2d 667) (1962); OCGA § 32-4-93 (a).
I agree that deposition testimony from the City’s Director of Public Works was sufficient to create a jury issue as to whether, prior to the accident, the City had inferred or constructive notice of the existence of the rotten tree branch which fell off the tree and injured Caruthers while he was standing at the curb of the public road. The Director testified that he went to the accident scene immediately after the accident occurred, saw the tree at issue, and saw “a rotten limb” from the tree lying in the road. The Director testified that, although the tree was not dead, “it was in a declining state [;] [t]here were some rotten limbs up in the top of it[;] and I felt like it was best just to go ahead and remove any further hazard.” Based on these observations, the Director ordered that the tree be cut down. Although the City “ha[d] no duty to check limbs overhanging a public road for non-visible rot,” (Carter, 204 Ga. App. at 78), there was evidence of visible rot in this case which created a jury issue as to whether the hazard had existed for a sufficient length of time for notice to be inferred.
Contrary to the majority opinion, there is no evidence in the record that, prior to the accident, the City had actual notice of the *737 hazard created by the rotten branch. The City’s “lack of documentation,” as noted in the majority opinion, was not evidence of actual notice by the City and did not create a jury issue as to actual notice. The trial court erred by finding there was a jury issue as to whether the City had actual notice of the hazard, and by denying the City’s motion for summary judgment (asserting sovereign immunity) on this ground. The trial court correctly denied the City’s motion for summary judgment (asserting sovereign immunity) by concluding that a jury issue existed as to whether the City had inferred or constructive notice of the hazard. Accordingly, the trial court’s denial of the City’s motion for summary judgment should be affirmed under the right for any reason rule. City of Gainesville v. Dodd, 275 Ga. 834 (573 SE2d 369) (2002).
Decided July 2, 2015.
Young, Thagard, Hoffman, Smith, Lawrence & Shenton, James B. Thagard, Brian J. Miller, for appellant.
Hinton & Powell, A. Jack Hinton; Montlick & Associates, Kathleen Edwards-Opperman, for appellee.
Finally, the majority opinion wrongly concludes that the City had the burden of proof in moving for summary judgment on the basis of sovereign immunity.
Sovereign immunity is not an affirmative defense (see OCGA § 9-11-8 (c)) that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the [City], and the waiver must be established by the party seeking to benefit from the waiver.
Ga. Dept. of Human Resources v. Poss, 263 Ga. 347, 348 (434 SE2d 488) (1993), overruled on other grounds in Hedquist v. Merrill Lynch, Pierce, Fenner & Smith, 272 Ga. 209, 211 (528 SE2d 508) (2000). In response to the City’s motion for summary judgment on the basis of sovereign immunity, Caruthers had the burden to show a waiver of the City’s immunity. Bartow County v. Southern Dev. III, L.P., 325 Ga. App. 879, 882 (756 SE2d 11) (2014). The trial court correctly denied the City’s motion for summary judgment because, as set forth above, Caruthers carried his burden by producing evidence sufficient to establish a factual issue as to whether the City had inferred notice of the hazard.