**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 28, 2016**

# In the Court of Appeals of Georgia

A16A0195. WORTHWHILE INVESTMENTS, LLC et al. v. HIGGINS.

RICKMAN, Judge.

Appellants Worthwhile Investments, LLC ("WI") and Gary Johnson appeal the trial court's grant of summary judgment in favor of Terry Higgins and against WI and Johnson on Higgins's claim for conversion. WI and Johnson assert that the trial court erred in holding that WI, the holder of a security deed which encumbered Higgins's property sold at a tax sale, lost its right to excess funds that arose from the tax sale because the mortgage title reverted to Higgins pursuant to OCGA § 44-14-80 before the date on which the funds were distributed. WI and Johnson argue that the relevant date when considering who was entitled to the excess funds was the tax sale date, not the fund distribution date. We agree and reverse.

To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the evidence and all reasonable inferences and conclusions drawn therefrom, viewed in the nonmovant's favor, warrant judgment as a matter of law. We review de novo the trial court's ruling on a motion for summary judgment.

(Punctuation and footnote omitted.) *Marshall v. Browning*, 310 Ga. App. 64-65 (712 SE2d 71) (2011).

So viewed, the evidence showed that on March 15, 2007, Higgins accepted a quit claim deed to real property known as 203 Flora Avenue, Atlanta, Georgia subject to a security deed. The security deed was held by Medici Financial, Inc. ("MFI") and had a maturity date of February 16, 2007.

At some point, MFI assigned 62 percent of its interest in the security deed to WI, and the remaining 38 percent of its interest to Dr. Laurence Rivkin. Appellant Gary Johnson is a 50 percent co-member and the manager of WI.

Higgins failed to pay the property taxes and in May 2013, owed $8,000 in back property taxes to DeKalb County. Consequently, on June 4, 2013, DeKalb County conducted a tax sale and sold the tax deed for $130,000.

Following the tax sale, WI made an initial claim for 100% of the excess funds. However, faced with a competitive claim from Rivkin, who asserted entitlement to a percentage of the funds based upon his security interest in the property at the time of the tax sale, the DeKalb County Tax Commissioner's office distributed 62 percent of the funds to WI and 38 percent to Rivkin[1].

Higgins filed a complaint, asserting, among other things, a claim for conversion, alleging that he was entitled to the excess funds because, at the time of distribution of the excess funds, ownership of the property had reverted back to him pursuant to OCGA § 44-14-80[2]. WI, on the other hand, contends that it was entitled to the excess funds because it was an interest holder to the property at the time of the tax sale.

Both sides moved for summary judgment on Higgins's claim for conversion. The trial court found in favor of Higgins, holding that interest in the property had reverted back to Higgins on February 17, 2014, prior to the payment of the excess

---

[1] Rivkin is not a party to this suit.

[2] OCGA § 44-14-80 provides, in pertinent part, "Title to real property conveyed to secure a debt or debts shall revert to the grantor or his or her heirs, personal representatives, successors, and assigns at the expiration of seven years from the maturity of the debt[.]".

funds from the tax sale, and thus Higgins was entitled to payment of the excess funds. It is from this order that WI and Johnson now appeal.

Pursuant to OCGA § 48-4-1, a county may conduct a sale of property if the owner fails to pay property taxes. OCGA § 48-4-5 (a) further provides, in pertinent part,

> If there are any excess funds after paying taxes, costs, and all expenses of a sale made by the tax commissioner, tax collector, or sheriff, or other officer holding excess funds, the officer selling the property shall give written notice of such excess funds to the record owner of the property *at the time of the tax sale* and to the record owner of each security deed affecting the property and to all other parties having any recorded equity interest or claim in such property *at the time of the tax sale . . .* The notice shall state that the excess funds are available for distribution to *the owner or owners as their interests appear in the order of priority in which their interests exist*.

(Emphasis supplied).

As this Court recently clarified:

> This statute looks to the owner and lien holders *prior to the tax sale*, and tax-sale purchasers have no claim to the excess funds based on their post-sale ownership . . . Thus, after a tax sale occurs, the officer holding the excess sale funds provides notice within 30 days of the sale to the recorded owners and interest holders, and then *distributes those*

4

*excess funds to the persons holding interests in the property in existence from the time of the tax sale*, such as the owner or owners or any lien holders (or their proper post-sale assignees).

(Footnote omitted; emphasis supplied.) *DLT List, LLC., v. M7ven Supportive Housing & Dev. Group*, 335 Ga. App. 318, 322 (1) (779 SE2d 436) (2015).

In this case, at the time of the tax sale, on June 4, 2013, WI held an interest in the property. WI's right to the excess funds was established at the time of the tax sale, not at the time of the payment of the excess funds. After the tax sale, WI never relinquished its right to the excess funds. See *Barrett v. Marathon Investment Corp.*, 268 Ga. App. 196, 197-198 (1) (601 SE2d 516) (holding that an owner of property at the time of a tax sale may sell or deed his right to the excess sale proceeds after the tax sale is completed) (pre-2002 statute). The fact that the mortgage title reversion date, under OCGA § 44-14-80, occurred after the tax sale did not affect the right of WI to recover the excess funds. See *DLT List, LLC.*, 335 Ga. App. at 322 (1). Thus, the trial court erred in granting summary judgment on Higgins's claim for conversion of the excess funds and denying summary judgment in favor of WI and Johnson on Higgins's conversion claim.

*Judgment reversed. Barnes, P. J., and Boggs, J., concur.*

5