**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 22, 2023**

# In the Court of Appeals of Georgia

A22A1742. GRIFFITH v. ROBINSON.

McFADDEN, Presiding Judge.

Lakeisha Griffith sued Eric Robinson for libel, slander, and other torts based on allegations that he had made defamatory statements about her in a complaint filed with the Georgia Professional Standards Commission ("PSC") and to others. Robinson moved for summary judgment on all claims, and the trial court granted the motion. Griffith appeals, challenging the trial court's summary judgment order. But because the trial court correctly ruled that all claims were barred by either sovereign or official immunity, we affirm.

1. *Summary judgment.*

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c)." *GeorgiaCarry.Org v. Atlanta Botanical Garden*, 306 Ga. 829, 830 (1) (834 SE2d 27) (2019) (citation and punctuation omitted omitted). "A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims." *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted). "We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *In the Matter of Tapley*, 308 Ga. 577 (842 SE2d 36) (2020) (citation and punctuation omitted).

So viewed, the evidence shows that Griffith was the principal at Towers High School in DeKalb County and Robinson was the assistant principal. Robinson filed a complaint with the PSC, alleging, among other things, that Griffith had a criminal arrest record that she had not reported to the PSC, including a theft that resulted in her being fired from a police department. After an investigation, the PSC issued a decision finding probable cause to recommend a 20-day suspension of Griffith's contract for failure to disclose her criminal history and falsifying employment

applications. Griffith appealed the decision to an administrative law judge ("ALJ"), who reversed the imposition of the suspension. The ALJ found that Griffith had been charged with financial identity fraud in 2005, that her criminal case in superior court had been dismissed and her record expunged after she completed a pre-trial intervention program, that she had failed to disclose that criminal case in applications for teacher certification and employment, but that her failure to do so was an honest mistake because she believed that she did not have to report the criminal case due to the expungement.

In the meantime, the school district conducted its own investigation of Griffith, during which it found that she had falsified documents and deposited school funds into her personal bank account. The district subsequently terminated her employment based on the misuse of school funds.

2. *Sovereign immunity.*

Griffith contends that the trial court erred in finding that any claims brought against Robinson in his official capacity were barred by sovereign immunity. We disagree.

3

"Sovereign immunity is the immunity provided to governmental entities and to public employees sued in their official capacities." *Stone v. Taylor*, 233 Ga. App. 886, 887 (1) (506 SE2d 161) (1998).

> (S)overeign immunity extends to the [s]tate and all of its departments and agencies, including school districts. The sovereign immunity of the [s]tate and its departments and agencies can only be waived by an Act of the General Assembly, which specifically provides that sovereign immunity is thereby waived and the extent of such waiver. Further, sovereign immunity is not an affirmative defense (see OCGA § 9-11-8 (c)) that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the [s]tate, and the waiver must be established by the party seeking to benefit from the waiver.

*Tift County School Dist. v. Martinez*, 331 Ga. App. 423, 425-426 (1) (771 SE2d 117) (2015) (citations and punctuation omitted).

So in response to Robinson's motion for summary judgment on the basis of sovereign immunity, Griffith "had the burden of establishing a waiver of sovereign immunity." *Bartow County v. Southern Dev., III*, 325 Ga. App. 879, 882 (1) (756 SE2d 11) (2014) (citation omitted). She has cited OCGA § 50-21-23 (a), which is part of the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.), and provides a limited waiver of the state's sovereign immunity for torts of state officers and employees while acting within the scope of their official duties or employment. But that waiver

4

of immunity by the state does not apply in this case because the term "State" as used in the Act "does not include . . . school districts[.]" OCGA § 50-21-22 (5). Griffith has thus failed to meet her burden of showing "that the General Assembly has waived sovereign immunity for the claims raised in this case." *Ratliff v. McDonald*, 326 Ga. App. 306, 309 (1) (756 SE2d 569) (2014).

3. *Official immunity.*

Griffith asserts that the trial court erred in ruling that claims brought against Robinson in his individual capacity were barred by official immunity. Again, we disagree.

"Official immunity is applicable to government officials and employees sued in their individual capacities." *Stone*, supra at 888 (2) (citation omitted). "Individual government employees are shielded by official immunity from damages suits unless the plaintiff can establish that the official negligently performed a ministerial act or performed a discretionary act with malice or an intent to injure." *Glass v. Gates*, 311 Ga. App. 563, 574 (2) (716 SE2d 611) (2011). Accord *Ratliff*, supra at 311 (2) (citation).

> When a [defendant] moves for summary judgment on the basis of [official] immunity, [he] bears the burden of establishing that he was entitled to the protection of said immunity. Once this burden is carried

5

and this prima facie showing is made, the burden to produce evidence shifts to the [plaintiff, as the] nonmoving party[,] to come forward with rebuttable evidence sufficient to show that a genuine issue of fact exists with regard to whether the defendant [negligently] breached a ministerial duty [or performed a discretionary act with malice].

*R. H. v Wagner*, 365 Ga. App. 534, 540-541 (1) (879 SE2d 653) (2022) (citation and punctuation omitted).

In this case, Robinson made a prima facie showing of his entitlement to official immunity and established the absence of any evidence from which Griffith could show that he had negligently performed a ministerial act or had performed a discretionary act with malice. See *Cowart*, supra (defendant moving for summary judgment may point to the absence of evidence supporting plaintiff's claims). The burden thus shifted to Griffith to point to specific evidence giving rise to a triable issue. But she has not done so, failing to point to any specific evidence showing a genuine issue of material fact as to whether Robinson negligently performed a ministerial task or performed a discretionary act with malice. Not only has she failed to identify evidence giving rise to a triable issue regarding official immunity, but we note that her entire brief is devoid of proper citations to evidence in the record. See Court of Appeals Rule 25. Accordingly, Griffith has failed to meet her burden of showing that the trial court erred in granting summary judgment on this ground.

6

4. *Remaining enumerations of error.*

Because of our holdings above, we need not address Griffith's remaining enumerations of error.

*Judgment affirmed. Gobeil and Land, JJ., concur*.